UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EUGENE D. O'HALLORAN, SR.,

                        Petitioner,

                                                                                                9:11-CV-0346
v.                                                                                              (GTS/TWD)

PAUL GONYEA,

                        Respondent.
_____

APPEARANCES:                                              OF COUNSEL:

EUGENE D. O'HALLORAN, SR., 07-B-1216
  Petitioner, *Pro Se*
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

HON. ERIC T. SCHNEIDERMAN                   PAUL B. LYONS, ESQ.
Attorney General of the State of New York       Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this habeas corpus proceeding filed pro se by Eugene D. O'Halloran ("Petitioner") against Paul Gonyea ("Respondent") pursuant to 28 U.S.C. § 2254, is the Report-Recommendation of United States Magistrate Judge Thérèse Wiley Dancks recommending that the Petition be denied and dismissed pursuant to 28 U.S.C. § 2253(c)(2), and that a certificate of appealability not issue. (Dkt. Nos. 1, 37.) After being granted an extension of time in which to do so, Petitioner filed an Objection to the Report-Recommendation and a motion for a certificate of appealability. (Dkt. Nos. 41, 42.) For the reasons set forth below,

Magistrate Judge Dancks' Report-Recommendation is accepted and adopted in its entirety, the Petition is denied and dismissed in its entirety, and Petitioner's motion for certificate of appealability is denied.

I.     **RELEVANT BACKGROUND**

Because this Decision and Order is intended primarily for the review of the parties, the Court will not repeat the background of Petitioner's state-court conviction for sodomy in the first degree, sodomy in the second degree, and endangering the welfare of a child, but will simply refer the parties to the relevant portions of Magistrate Judge Dancks' Report-Recommendation, which accurately recite that background. (Dkt. No. 37, at Parts I and III.)

Liberally construed, Petitioner's Petition asserts five claims: (1) that his conviction was wrongfully obtained because the trial court unconstitutionally amended the indictment after the evidence was submitted; (2) that his conviction was wrongfully obtained because the prosecutor failed to timely disclose favorable evidence to defense counsel prior to trial as required by *Brady*; (3) that his conviction was wrongfully obtained because his trial counsel was ineffective by (a) allowing Petitioner to be arrested in his presence, (b) failing to object to a comment by the prosecutor during the grand jury proceeding, (c) failing to move to dismiss the endangering-the-welfare-of-a-child count as barred by the applicable statute of limitations, (d) accepting *Brady* materials as *Rosario* materials, (e) failing to demand evidence regarding the "true perpetrator," (f) failing to effectively impeach witnesses, (g) failing to move for a mistrial after Ms. Brimberg-Clark's testimony, (h) failing to enter evidence into the record, (i) failing to "know the law" regarding corroboration, (j) failing to object to the amendment of the indictment, and (k) failing to object to the prosecutor's comments during summation; (4) that his conviction was wrongfully obtained because his appellate counsel was ineffective by failing to ensure that the

2

amended indictment issue was properly exhausted; and (5) that his conviction was wrongfully obtained because he received ineffective assistance of counsel during the state court collateral proceedings in that his counsel failed to argue that his trial counsel rendered ineffective assistance by failing to object to the amended indictment and failing to challenge the entire indictment as time-barred. (*See generally* Dkt. No. 1.)

Generally, in her Report-Recommendation, Magistrate Judge Dancks recommends that Petitioner's claims be dismissed for the following reasons: (1) with respect to Petitioner's claim that the amendment to the indictment was unconstitutional, the claim is unexhausted and, in any event, plainly meritless; (2) with respect to Petitioner's claim that the prosecution failed to disclose favorable evidence as required by *Brady*, the Appellate Division's denial of Petitioner's *Brady* claim was neither contrary to, nor an unreasonable application of, Supreme Court law; (3) with respect to Petitioner's claim that his trial counsel was ineffective, each of Petitioner's eleven assignments of error is meritless; (4) with respect to Petitioner's claim that his appellate counsel was ineffective, the claim is unexhausted; and (5) with respect to Petitioner's claim that he received ineffective assistance of counsel during the state collateral proceedings, the claim is unexhausted and, in any event, plainly meritless. (Dkt. No. 37.)

Generally, in his Objection, Petitioner asserts four arguments: (1) that his claim regarding the amendment to the indictment has merit because the amended petition was not considered by the grand jury and was thus a violation of his right to due process and equal protection of the laws; (2) that his ineffective-assistance-of-appellate-counsel claim was exhausted by a writ of error *coram nobis*; (3) that his ineffective-assistance-of-trial-counsel claim has merit because his trial counsel failed to argue that the revised indictment was unconstitutional; and (4) that, with regard to his *Brady* claim, the notes of the prosecutors and police officers should have been disclosed to defense counsel before trial as required by *Brady*. (Dkt. No. 41.)

Generally, in his motion for a certificate of appealability, Petitioner argues that reconsideration is warranted of Magistrate Judge Dancks' finding that no certificate of appealability should issue, because his rights have been violated under the Sixth and Fourteenth Amendments (for the reasons stated in his Petition). (Dkt. No. 42.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered

have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or

5

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Review of Petitioner's Habeas Petition Pursuant to 28 U.S.C. § 2244(d)(1)

Again, because this Decision and Order is intended primarily for the review of the parties, the Court will not repeat the legal standard governing Petitioner's habeas petition pursuant to 28 U.S.C. § 2244(d)(1), but will simply refer the parties to the relevant portion of Magistrate Judge Dancks' Report-Recommendation, which accurately recites that legal standard. (Dkt. No. 37, at Part IV.A.)

### III. ANALYSIS

After carefully reviewing all of the papers in this action, the Court agrees with each of the recommendations made by Magistrate Judge Dancks in her thorough Report-

---

Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Recommendation. Magistrate Judge Dancks employed the correct legal standards, accurately recited the facts, and properly applied the law to those facts. (Dkt. No. 37, Parts I-IV.) As a result, the Court accepts and adopts Magistrate Judge Dancks' Report-Recommendation in its entirety for the reasons stated therein. (*Id*.)

The Court would add only one point. Even when construed with the utmost of liberality, Petitioner's Objection fails to assert any arguments different from those asserted in his Petition and Traverse. (Compare Dkt. No. 41 [Objection] with Dkt. No. 1 [Petition] and Dkt. No. 19 [Traverse].) As a result, he is entitled to only a clear-error review of Magistrate Judge Dancks' Report-Recommendation (which level of review the Report-Recommendation easily survives). However, even if the Court were to subject the entirety of the Report-Recommendation to a *de novo* review, the Report-Recommendation would survive that review. For example, Petitioner's first assignment of error in his Objection overlooks the fact that a lack of merit was merely an alternative ground for the recommended dismissal of Petitioner's first claim, the primary ground being the fact that the claim was unexhausted. The remaining errors asserted in Petitioner's Objection are so lacking in merit as to not require further discussion. The same is true with regard to Petitioner's motion for a certificate of appealability, which is premised conclusorily on the merit (or lack of merit) of his claims.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 37) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Petitioner's Petition (Dkt. No. 1) is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that Petitioner's motion for a certificate of appealability (Dkt. No. 42) is **DENIED**; and it is further

7

**ORDERED** that a certificate of appealability shall not issue with respect to any of the claims set forth in the Petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: January 7, 2015
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge